*E-FILED 4/26/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS, etc., et al., <br><br> Plaintiffs, <br> v. <br><br> J & E MECHANICAL, INC., <br><br> Defendants. | NO. C 05 1207 RS <br><br> **ORDER GRANTING MOTION TO COMPEL, IN PART, AND GRANTING MOTION FOR LEAVE TO AMEND** |

## I. INTRODUCTION

This is an action to collect certain pension, health, and vacation contributions from defendant J & E Mechanical, Inc. allegedly due pursuant to a collective bargaining agreement.[1] Plaintiffs noticed the deposition of J & E Mechanical's president, Juventino Rodriguez, and requested that he produce various categories of documents at the deposition, including corporate and financial records of J & E Mechanical. Defendants objected to producing records that they contend are not relevant to plaintiffs' claims.

J & E Mechanical apparently ceased doing business on or about May 12, 2005. The parties are in agreement that J & E Mechanical potentially could be liable for additional employee contributions if it completed work after that date under the mantle of another entity. J & E

---

[1] Case No. C 06 1206 RS is a related action involving the same parties, who have briefed this motion under the caption of both cases. The deposition notice in dispute, however, was issued in the older case and the controversy arose prior to the time the later action was filed and related. It appears that the deposition will go forward with the intent that the evidence taken will be used in both cases.

1

1 Mechanical contends, however, that the records plaintiffs are seeking would be discoverable only if
2 plaintiffs were pursuing a traditional alter-ego or successorship liability claim and the other entities
3 were parties to this action.

4   To recover from J & E Mechanical, plaintiffs need not also name as a defendant or pursue
5 recovery from any other entity that might be its alter ego or successor.  Plaintiffs are entitled to
6 explore whether J & E Mechanical's business practices were such that it may be liable for work
7 done under another's name, and J & E Mechanical's own documents are relevant to that inquiry.
8 The motion to compel will therefore be granted, with certain limitations described below.

9   Plaintiffs' motion for leave to amend their complaint to explain their theory of liability more
10 fully will also be granted.  Although the amendment is not necessary to permit the discovery at
11 issue, there is no reason under Rule 15  of the Federal Rules of Civil Procedure to deny leave to
12 amend.

## II.  BACKGROUND

14   In interrogatory responses in this action, J & E Mechanical apparently has conceded that it
15 owes at least some pension, health, and vacation contributions for hours that its employees worked
16 up through May 12, 2005.  J & E Mechanical contends that it ceased doing business on that date,
17 terminating any further liability.  Plaintiff, however, has discovered that a corporation known as
18 "J & E HVAC, Inc." was formed in July of 2005 by Robert Rodriguez, the brother of J & E
19 Mechanical's president, together with Christine Camarillo, a former J & E Mechanical employee.
20 Plaintiff believes that employees of J & E Mechanical may have continued working on ongoing
21 J & E Mechanical jobs after May 12, 2005, either under the auspices of  the J & E HVAC  entity or
22 under another contractors' license purportedly held by Juventino Rodriguez.  J & E Mechanical
23 denies that J & E HVAC completed J & E Mechanical's ongoing jobs, but it acknowledges
24 plaintiff's right to conduct discovery as to whether or not that happened.

## III.  DISCUSSION

### A. Motion to Compel

27   Plaintiffs seek production of J & E's minute book and share register, financial statements, tax
28 returns, and accounts receivable lists.  Plaintiffs also seek documents regarding any loans between

2

J & E Mechanical and its shareholders, officers, or employees; any asset sales, and any personal guarantees.

J & E Mechanical expressly admits that plaintiffs are entitled to "make a reasonable inquiry (within the scope of Rule 26) into whether Defendant's jobs in progress on May 12, 2005 were completed by Juventino Rodriguez or J & E HVAC, Inc. in a manner that would render Defendant liable for contributions." J & E Mechanical contends, however, that plaintiffs would be entitled to the documents they are now seeking only if they were pursuing a claim of alter ego or successorship liability. J & E Mechanical asserts that plaintiffs neither are making such a claim nor have the evidentiary basis to advance it.

J & E Mechanical has misconstrued both plaintiffs' position and the relevant legal principles. It is true that plaintiffs are not attempting to impose liability *against J & E HVAC* based on alter ego or successorship liability doctrine. Indeed, plaintiffs are not seeking recovery from J & E HVAC at all. However, plaintiffs *are* seeking to impose liability against J & E Mechanical for additional contributions based on the theory that J & E HVAC (or other entities) may have been an alter ego or successor to J & E Mechanical after May 12, 2005. Furthermore, alter ego and successorship doctrines are exactly the avenues that plaintiffs must pursue to hold J & E Mechanical liable for work carried out under some other name. See *UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1471-1473 (9th Cir. 1994) (discussing application of alter ego and successorship principles in context of holding employer liable for contributions due under collective bargaining agreement after business was shut down and work was carried out by successor.) Additionally, as plaintiffs point out, to recover from the original employer, it is not necessary for plaintiffs to have named the purported alter ego or successor as an additional defendant. See *Northwest Administrators, Inc. v. Sacramento Stucco*, 86 F.Supp 2d 974, 987-988 (N.D. Cal. 2000) (imposing liability on named defendant to make contributions based on work done under name of non party found to be an alter ego.)

J & E Mechanical appears also to be suggesting that plaintiffs could only obtain information relevant to an alter ego or successorship claim by taking discovery from a person or entity that is purportedly the alter ego or successor. Indeed, to prove such a claim, plaintiffs may eventually need

3

1  additional information from J & E HVAC as to its ownership, management and such matters.  See
2  *UA Local 343*, 48 F.3d at 1471 ("The criteria for determining whether two firms constitute a single
3  employer are (1) common ownership, (2) common management, (3) interrelation of operations, and
4  (4) centralized control of labor relations.")  The fact that plaintiffs may need to obtain additional
5  information elsewhere, however, does not make the information in J & E Mechanical's possession
6  about its own corporate existence and affairs any less relevant.

7  Accordingly, J & E Mechanical's grounds for objecting to the document requests are
8  insufficient.  That being said, however, it is not evident that all of the requested categories of
9  documents are reasonably tailored to lead to the discovery of admissible evidence.  At the hearing,
10 therefore, the Court directed the parties to engage in further meet and confer efforts to attempt to
11 narrow the scope of the dispute.  The parties did so, and reported reaching agreements as to Request
12 Nos. 2, 3, and 6.[2]      The motion to compel will be granted as to Request Nos. 1, 8, 9, 10.  Each of
13 these requests relate to how J & E Mechanical has been owned and operated as a corporate entity.
14 Such information is relevant to determining whether some other entity or individual is an alter ego
15 of, or successor to, J & E Mechanical, such that J & E Mechanical could be liable for contributions
16 arising from work done by them.

17 B. Motion for Leave to Amend

18 Apparently because J & E Mechanical took the position that plaintiffs were not entitled to the
19 documents in dispute absent an alter ego claim, plaintiffs seek leave to amend their complaint to add
20 a single clause to one sentence, expressly stating that they are seeking to recover based on any
21 projects that may have been completed by "a successor or alter ego."  J & E Mechanical argues that
22 this amendment would not alter its basic arguments. Although J & E Mechanical's understanding of
23 the relevance of the documents in dispute is flawed, it is correct that the presence or absence of this
24 additional language does not affect the analysis.

25 Nevertheless, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to
26 amend "shall be freely given when justice so requires," and there is a "strong policy permitting

---

[2] These numbers refer to the numbering used in the deposition notice, rather than the numbering used in plaintiffs' briefing.

4

amendment." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir.1999). Absent undue prejudice, bad faith, undue delay, or futility, it generally is an abuse of discretion to deny leave to amend. *Id.* at 757-758.

Here, it arguably could be considered "futile" to add language that does not affect the analysis of the present motion, but the proposed amendment does add some clarity and elaboration on the specific recovery plaintiffs seek. Given that there will be no prejudice to defendant or any other reason to deny leave to amend, the motion will be granted.

### IV. CONCLUSION

Plaintiffs' motion to compel is GRANTED, to the extent set forth above. The motion for leave to amend is GRANTED, and the complaint shall hereby be deemed amended as stated in the motion. No amended answer need be filed.

IT IS SO ORDERED.

Dated: April 26, 2006

RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Michael Joseph Carroll     mjcarrll@pacbell.net, sharon@erskinetulley.com

Laurence J. McEvoy     general@clayton-mcevoy.com, ljm@clayton-mcevoy.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: April 26, 2006**                                          **Chambers of Judge Richard Seeborg**

                                                                                   **By:**      **/s/ BAK**

**United States District Court**
For the Northern District of California